UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BARBARA J. RILEY, *pro se*,

       Plaintiff,

  -against-

PATRICIA A. RIVERS a/k/a PATRICIA A.
HAMM a/k/a PATRICIA A. ELLIS, ROBERT
HAMM a/k/a ROBERT D. HAMM, FEDERAL
NATIONAL MORTGAGE ASSOCIATION,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INCORPORATED,

       Defendants.
-----------------------------------------------------------------x

**SUMMARY ORDER
ADOPTING REPORT &
RECOMMENDATION
15-CV-5022 (DLI) (RLM)**

**DORA L. IRIZARRY, Chief United States District Judge:**

  Plaintiff Barbara J. Riley ("Plaintiff"), proceeding *pro se*, filed this action against defendants Patricia A. Rivers ("Rivers"), Robert Hamm,[1] Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") asserting three claims: (1) to quiet title to real property located at 115-60 132nd Street, South Ozone Park, New York 11420; (2) tortious interference with contract; and (3) fraud. (*See generally* Second Amended Complaint ("SAC"), Dkt. Entry No. 31.)

  Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants moved to dismiss the SAC for failure to state a claim for relief. (*See* Rivers Mem. in Supp. of Mot. to Dismiss, Dkt. Entry No. 48; Fannie Mae Mem. in Supp. of Mot. to Dismiss, Dkt. Entry No. 51; MERS Mem. in Supp. of Mot. to Dismiss, Dkt. Entry No. 55.) Plaintiff opposed. (*See* Pl.'s Resp. in Opp'n to Mot. to Dismiss, Dkt. Entry No. 56.)

---

[1] Plaintiff alleges that Robert Hamm, who has not appeared in this action, died in May 2015. Plaintiff has made no attempt to proceed with her claims against Hamm's estate, assuming she is entitled to do so. For the same reasons that this action is dismissed against the other defendants, it is dismissed against Robert Hamm.

On June 16, 2016, Defendants' motions to dismiss were referred to the Hon. Roanne L. Mann, Chief U.S.M.J, for a Report and Recommendation ("R & R"), which she issued on September 19, 2016. The magistrate judge recommended that Defendants' motions to dismiss be granted with prejudice. (*See generally* R & R, Dkt. Entry No. 65.) The magistrate judge determined that dismissal was warranted because: (1) Plaintiff's claim to quiet title was both time barred and legally deficient as Plaintiff could not demonstrate a legal interest in the subject property; (2) Plaintiff failed to demonstrate the existence of a valid contract, Defendants' actual knowledge of the contract and breach thereof; and (3) Plaintiff's fraud claim was time barred and failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). (*See* R & R at 11-18.) On September 29, 2016, Plaintiff timely objected to the R & R and, on October 4, 2016, filed a motion seeking to set aside and/or to void the R & R under Rule 60 of the Federal Rules of Civil Procedure. (*See* Pl.'s Objs. to R & R ("Objs."), Dkt. Entry Nos. 66, 67.)[2] MERS and Fannie Mae filed responses to Plaintiff's objections on October 20, 2016. (*See* Dkt. Entry Nos. 68, 69.) On October 27, 2016, Plaintiff filed a motion to strike MERS's and Fannie Mae's responses as untimely.[3] (*See* Dkt. Entry No. 70.) For the reasons set forth below, the R & R is adopted in its entirety.

---

[2] Since the Court must interpret *pro se* Plaintiff's submissions "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court construes Plaintiff's Rule 60 motion, which reiterates many of the same arguments raised in Plaintiff's objections to the R & R, as additional objections to the R & R.

[3] The Court need not and does not consider Plaintiff's motion to strike because, even if MERS's and Fannie Mae's opposition papers were stricken, the outcome here would be the same. Similarly, given this Court's adoption of the R & R, Fannie Mae's Motion to Strike Plaintiff's supplemental briefing, (Dkt. Entry No. 63), is denied as moot.

# DISCUSSION[4]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp.2d 301, 310 (E.D.N.Y. 2012) (internal citation omitted). However, even a *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal," *Antrobus*, 2016 WL 5390120, at *2 (internal citation and quotation marks omitted), and "an objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." *Id.* (internal citation and quotation marks omitted).

Here, Plaintiff's objections are a prime example of an improper objection to an R & R that fails to set forth a specific and clear objection aimed at a particular finding in the magistrate judge's decision. Throughout her objections, Plaintiff asserts: (1) that the Court lost subject matter jurisdiction when Rivers allegedly did not comply with a scheduling order requiring her to move

---

[4] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 1-4.

or answer Plaintiff's SAC by November 30, 2015; (2) Defendants defaulted because they did not file their motions to dismiss the SAC timely; (3) the district judge lacked the authority to refer Defendants' motions to the magistrate judge; (4) the Court was biased and prejudiced against Plaintiff; (5) the magistrate judge did not decide Plaintiff's claims on the merits; and (6) Defendants' motions were legally defective because they included attorney declarations. (Objs. Dkt. Entry No. 66, at 2-4; Dkt. Entry No. 67, at 7-8.) Construing these objections broadly and leniently, they do not challenge a specific finding in the R & R, but instead are general and conclusory. Indeed, Plaintiff's objections do not allege that any finding in the R & R is either legally or factually incorrect, and Plaintiff provides no basis why the Court should reject the R & R. Accordingly, the Court reviews the R & R to determine whether it is clearly erroneous. *See Antrobus*, 2016 WL 5390120, at *2.

Additionally, the Court need not consider Plaintiff's objection that Defendants' motions were legally defective because this is a new argument Plaintiff should have asserted in her opposition to Defendants' motions to dismiss. Generally, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Fisher v. O'Brien*, 2010 WL 1286365, at *1 (E.D.N.Y. Mar. 30, 2010) (internal citation and quotation marks omitted). This rule applies even to submissions by *pro se* litigants. *See DeMarco v. Hartford Life & Acc. Ins. Co.*, 2014 WL 3490481, at *1 (E.D.N.Y. July 11, 2014). Plaintiff did not include her new argument in her original opposition papers; therefore, the Court does not consider it. *See DeMarco*, 2014 WL 3490481, at *1 (noting that new argument raised for the first time in objections "is not properly before the court").

4

Upon review, the Court finds no clear error in the magistrate judge's thorough and well reasoned R& R. Accordingly, the Court adopts the R & R in its entirety. Moreover, even if this Court were to conduct a *de novo* review, it would reach the same conclusion. *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (Summary Order) (noting that, even when exercising *de novo* review "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety").

## **CONCLUSION**

Upon due consideration, Plaintiff's objections to the R & R are overruled. The R & R is adopted in its entirety and this action is dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Summary Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 23, 2017

                                    /s/
                            DORA L. IRIZARRY
                               Chief Judge